UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21844-CIV-ALTONAGA/Damian

**AMERICAN AIRLINES, INC.**,

    Plaintiff,

v.

**ANTHONY R. SPADA, II**, *et al.*,

    Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court on Magistrate Judge Melissa Damian's Report and Recommendation [ECF No. 152], entered on August 22, 2023.[1] In the Report, Magistrate Judge Damian "'certif[ies] the facts'" giving rise to her recommendation that the Court hold Defendant, Anthony R. Spada, II, in contempt. (*Id.* 2 n.2 (alteration added; quoting 28 U.S.C. § 636(e)(6)(B)); *see id.* 2–14).

Magistrate Judge Damian recommends that the Court schedule a hearing directing Defendant to "show cause why he should not be found in contempt of Court for failing to comply with the Seizure Order" [ECF No. 12] entered on May 18, 2023. (Report 25). Should the Court make a finding of civil contempt, Magistrate Judge Damian recommends Plaintiff be awarded its reasonable costs, including attorney's fees, as a sanction for Defendant's failure to comply with the Seizure Order. (*See id.*). As a further sanction, Magistrate Judge Damian recommends the Court impose a daily coercive fine until Defendant purges himself of the

---

[1] On June 13, 2023, Plaintiff filed an Expedited Motion to Hold Defendant in Contempt and for Sanctions [ECF No. 30]. That same day, the Court entered an Order [ECF No. 31] referring Plaintiff's Motion to Magistrate Judge Damian for a report and recommendation. Magistrate Judge Damian held evidentiary hearings on June 16, 2023 [ECF No. 47] and June 21, 2023 [ECF No. 62]. Magistrate Judge Damian's Report followed.

contempt.  (*See id.*).

When a magistrate judge's "disposition" has been objected to, district courts must review the disposition *de novo*.  Fed. R. Civ. P. 72(b)(3).  When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72 advisory committee's note to 1983 addition (citation omitted).  Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alterations added)).

The Report advised the parties they had 7 days to file written objections.  (*See* Report 26 & n.12 (noting counsel for the parties stated at a hearing they did not object to shortening the time to file objections to seven days)).  To date, no objections have been filed, nor have the parties requested additional time to object.

The Undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record.  In the light of that review, the Undersigned agrees with Magistrate Judge Damian's analysis and recommendations.  Accordingly, it is

**ORDERED** that the Report **[ECF No. 152]** is **ACCEPTED AND ADOPTED**.  A hearing is scheduled for **September 28, 2023 at 8:00 a.m.**, at which Defendant Anthony R. Spada, II, shall show cause why he should not be adjudged in contempt by reason of the facts certified by Magistrate Judge Damian in her Report **[ECF No. 152]**.

CASE NO. 23-21844-CIV-ALTONAGA/Damian

**DONE AND ORDERED** in Miami, Florida, this 30th day of August, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record